UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHANIE D. PHELPS,   Case No. 1:10-cv-920

    Plaintiff,   Dlott, J.
        Bowman, M.J.

v.

CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER,

    Defendant.

**REPORT AND RECOMMENDATION**

Proceeding *pro se*, Plaintiff initiated this employment discrimination suit against her former employer, Cincinnati Children's Hospital Medical Center ("CCHMC"), on December 22, 2010. In an order granting Plaintiff leave to proceed *in forma pauperis*, this Court expressly directed Plaintiff to "inform the Court promptly of any changes in her address." (Doc.2).

Defendant CCHMC filed an answer to the complaint on January 27, 2011 (Doc. 5), and attempted to comply with Rule 26(f) of the Federal Rules of Civil Procedure by conferring with the Plaintiff regarding a proposed discovery plan and the possibilities for prompt resolution of the matters in dispute. However, Defendant reported on April 4, 2011 that despite numerous attempts, it had been unable to reach the Plaintiff by email, U.S. mail, or telephone. (Doc. 9).

Thereafter, this Court ordered that Plaintiff contact defense counsel for the purpose of scheduling the requisite Rule 26(f) conference. (Doc. 12). The Court's order expressly

warned Plaintiff that a failure to timely comply with the Court's order "may result in dismissal for lack of prosecution." (Id.). The Court's deadline has now expired. On May 2, 2011, CCHMC filed a notice confirming that Plaintiff has failed to make any contact in compliance with the prior order. (Doc. 13).

The Court notes that the last order sent to Plaintiff via certified mail was returned as undeliverable, suggesting that Plaintiff's failure to comply with that particular order may not have been deliberate. (Doc. 14). However, the address used by this Court is the only address that Plaintiff provided when she initiated suit fewer than six months ago. It is incumbent upon any litigant, including a *pro se* litigant, to keep the Court apprised of his or her current address. While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues...there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In order to pay heed to a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily-comprehended court deadlines. *See id.*, 951 F.2d at 110.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd of Educ.*, 570 F.3d 775 (6th Cir. 2009).

2

Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute.  *See, e.g., Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009)(dismissal of *pro se* plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608-609 (6th Cir. 1992)(dismissal upheld in part due to counsel's failure to advise court of change of address).  It is particularly appropriate to dismiss in this case, in light of the record evidence of Defendant's numerous attempts to contact Plaintiff Phelps by every possible means, and Plaintiff's failure to respond from shortly after the date she filed her complaint.

Accordingly, **IT IS RECOMMENDED HEREIN THAT:**

1. Plaintiff's complaint be dismissed with prejudice for failure to prosecute, based upon her failure to keep the Court apprised of her current address and failure to comply with Rule 26(f); and that

2. This case be dismissed from the active docket.

 s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHANIE D. PHELPS,   Case No. 1:10-cv-920

  Plaintiff,   Dlott, J.
     Bowman, M.J.

  v.

CINCINNATI CHILDREN'S HOSPITAL MEDICAL CENTER,

  Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).